The Attorney General has considered your request for an opinion wherein you ask the following question: "Is a Fire Protection District a political subdivision covered under the Political Subdivision Tort Claims Act?" The inclusiveness of the Political Subdivision Tort Claims Act, 51 O.S. 151 [51-151] et seq. (1978), has previously been considered by this office in Op. Atty. Gen. 79-303. In that opinion we noted that 51 O.S. 152 [51-152](1) of the Act limited the term "agency" to those entities ". . . designated to act on behalf of a political subdivision . . ." and concluded that the determination of coverage under the Tort Claims Act could be made by reference to principles of the law of agency. We held in that opinion that the key principle of agency, the right of control of the principal over his agent, determined whether a particular body was covered by the provisions of the Act. In the instant situation, analysis of the Fire Protection District Act, 19 O.S. 901.1 [19-901.1] et seq. (1971) discloses that the operation of such districts are not subject to control by the governing body of the county. Such districts derive their authority from statute, and aside from acts of creation and dissolution do not depend on the county for support, maintenance, or direction. As such the Fire Protection Districts are autonomous bodies who do not act "in behalf of" a county, but who act solely "in behalf of" the inhabitants of the district. Lacking the requisite principal-agent relationship, Fire Protection Districts do not fall within that class of agencies, instrumentalities, or entities covered by the Political Subdivision Tort Claims Act.
It is, therefore, the official opinion of the Attorney General that Fire Protection Districts created pursuant to 19 O.S. 901.1 [19-901.1] et seq. (1971) do not fall within the definition of "Political Subdivision" as that term is used in the Political Subdivision Tort Claims Act, 51 O.S. 151 [51-151] et seq. (1978). (JOHN GREGORY THOMAS) (ksg)